### In re BROWNELL'S ESTATE.

(*Supreme Court, General Term, Second Department.* July 2, 1891.)

.MORTGAGES—RELEASE BY EXECUTOR—EFFECT ON HIS INDIVIDUAL DEBT.

　　Claimant was allotted as a part of her share of her father's estate a bond for $8,000, executed by her husband to her father, and secured by mortgage. Claimant's husband, who was executor of her father, entered satisfaction of the mortgage in that capacity, but did not pay the bond. *Held,* that the husband's entry of satisfaction of the mortgage had no effect on the bond, which, not being barred by the statute of limitations, was properly paid to claimant by the executors of the husband's estate.

Appeal from surrogate's court, Dutchess county.

Proceedings for the settlement of the accounts of Myron Brownell and William H. Brownell, executors of Hiram Brownell, deceased. From a decree disallowing credit for a payment made by them the executors and Jane Brownell, to whom the claim was paid, appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*P. H. Tallman,* for appellant executors. *W. Farrington,* for appellant Jane Brownell. *J. S. Van Cleef* and *James L. Williams,* for respondents, guardians of Aimee W. and Jennie May Brownell.

, PRATT, J. The surrogate, in his opinion, says that the claim of Mrs. Brownell to be a creditor of her husband's estate to the amount of $34,000 may be just, but he is of opinion that the executor should have interposed the defense of the statute of limitations to defeat the claim, and he disapproves of the conveyance by the executors of the farm, valued at $10,000, in payment of the claim. The proof leaves little, if any, doubt that the deceased had received the money with which his widow sought to charge the estate. If, however, the statute of limitations had been allowed to attach, it may be that the executors would have no right to recognize and pay the debt; but as to a large portion of the debt we think it plain that the statute had not run. Among the assets which came to Mrs. Brownell from her father's estate was a bond and mortgage of her husband for $8,000, upon which $1,458 interest had accrued. This was due upon a sealed instrument. The husband, being executor of the estate of his wife's father, satisfied the mortgage of record, but he did not pay the bond. The bond was his own debt, due to his wife, and the satisfaction of the mortgage had no effect upon the bond. That re-

mained in force, and at the time of Mr. Brownell's death the debt and interest must have exceeded $16,000. That was much in excess of the value of the farm conveyed in payment of the wife's claim. The amount of the real and personal estate did not exceed $12,700. The debts of the estate paid and discharged far exceeded that amount. The only contestants are legatees. As no surplus remains after payment of the debts, it is plain the legatees can take nothing. The surrogate's decree should be reversed, and the estate settled on these principles. No costs. All concur.